**Louis COOK, Plaintiff–Appellant,**

v.

**DELOITTE & TOUCHE, LLP and Deloitte & Touche USA, LLP, Defendant–Appellees.**

No. 05–6032.

United States Court of Appeals, Second Circuit.

Sept. 27, 2006.

Sheila M. Hurley, Law Offices of Sheila Marie Hurley, New York, New York, for Appellant.

William G. Ballaine, Landman Corsi Ballaine & Ford P.C. (Nicole A. Dyer, of counsel), New York, New York, for Appellees.

PRESENT: Hon. ROGER J. MINER, Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Louis Cook appeals from the district court's grant of summary judgment in favor of defendant-appellees Deloitte & Touche, LLP and Deloitte & Touche USA, LLP (collectively, "Deloitte"), dismissing Cook's complaint, which alleged employment discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* We assume familiarity with the facts and with the issues raised on appeal.

The question we face is whether there was sufficient evidence to support a finding that Cook was "regarded as" disabled by Deloitte.[1] Viewing the evidence in the light most favorable to Cook, we conclude that summary judgment was properly granted to Deloitte. To support a "regarded as" claim, "the plaintiff must show that the employer regarded the individual as disabled *within the meaning of the ADA* ... as having an impairment that substantially limited a major life activity." *Colwell v. Suffolk County Police Dep't,* 158 F.3d 635, 646 (2d Cir.1998) (emphasis in original) (citation omitted); *see also* 42 U.S.C. § 12102(2).

There was no evidence that Deloitte regarded Cook as disabled within the meaning of the statute. As to the two occasions when Cook contacted Deloitte about returning to work, in December 1999 and August 2000, nothing in the record suggested that the reason Deloitte did not offer Cook a returning position was because he was regarded as substantially limited in a major life activity. In December 1999, Cook requested additional days

---

1. While the district court judge expressed the view that Cook failed to make a *prima facie* case for discrimination under the ADA, we need not consider this analysis.

off to attend to medical *and* personal matters, leading Deloitte to suggest that Cook take an unpaid leave of absence. In August and September 2000, Cook contacted Deloitte several times, mentioning once that he would need a more sedentary position. A condition that requires more sedentary duties than Cook had previously exercised falls far short of substantial limitation on a major life activity. As for Cook's other arguments, we have considered them and find them to be without merit.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.